UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN ALCARAZ GARCIA,

Petitioner,

v.

JULIO HERNANDEZ, et al.,[1]

Respondent.

Case No. 2:26-cv-01432-TLF

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

Petitioner Adrian Alcaraz Garcia, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking release from the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") alleging, in part, that his bond hearing violated his due process rights. Dkt. 1. The Government has filed a response to the petition, petitioner has filed a reply/traverse, and the matter is ripe for review. Dkts. 8, 9, 10, 11.

**BACKGROUND**

Petitioner is a native and citizen of Mexico. Dkt. 10 (Decl. of Ian D. Bloom ("Bloom Decl.") at 1. Petitioner states in a declaration that he has lived in the United States continuously for the last 23 years.[2] Dkt. 1-2 (Decl. of Petitioner). Petitioner states

---

[1] Hereinafter the Court refers to the respondents collectively as "the Government."

[2] The Government submits the declaration of Deportation Officer Ian Bloom who states that "[i]n his application for relief before the Tacoma Immigration Court, Petitioner admitted to entering the United States without inspection for the first time on January 6, 1996. He states that he last entered the United States without inspection on March 15, 2003." Dkt. 10 (Decl. of Ian D. Bloom ("Bloom Decl.") at 1.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 1

he is the sole owner of a remodeling business which he has operated since 2011 and owns a mortgage on the home his family lives in. *Id.* Petitioner is married and has four United States citizen children. Dkt. 9-5 (March 16, 2026, Order of Immigration Judge).

On or about November 5, 2001, the Portland Police arrested petitioner for Driving Under the Influence ("DUI"). Dkt. 10 (Bloom Decl.) at 2. On or about December 6, 2002, the Multnomah County Circuit Court in Portland, Oregon dismissed the DUI after petitioner completed a diversion program. *Id.*

In February 2025, an immigration attorney filed applications for petitioner with U.S. Citizenship and Immigration Service (USCIS) for humanitarian immigration benefits. Dkt. 1 at 17. The applications remain pending. *Id.*

During a targeted enforcement operation in Portland, Oregon on December 29, 2025, U.S. Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") officers arrested petitioner. Dkt. 10 (Bloom Decl.) at 2. ERO booked petitioner into the Northwest ICE Processing Center ("NWIPC") in Tacoma on December 29, 2025. *Id.* On December 29, 2025, petitioner was served with a Notice to Appear ("NTA") charging him under INA § 212(a)(6)(A)(i) / 8 USC § 1182(a)(6)(A)(i). *Id.* The NTA was filed with the Immigration Court that same day. *Id.*

On January 23, 2026, petitioner appeared pro se before the Immigration Judge ("IJ") at a master calendar hearing and requested a continuance to secure a lawyer, and to consult with counsel. *Id.* On February 11, 2026, petitioner appeared pro se at a continued master calendar hearing. *Id.* The IJ sustained the allegations contained in the NTA and found petitioner removable. *Id.* The case was continued so that petitioner could prepare and submit his application for relief. *Id.*

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

On January 24, 2026, petitioner filed a petition for writ of habeas corpus in the district court arguing, in part, that his detention violated the U.S. Constitution and the Immigration and Nationality Act ("INA") and that he was entitled to a bond hearing under 8 U.S.C. § 1226(a) as a member of the Bond Denial Class certified in *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).[3] *Alcaraz Garcia v. Hermosillo*, 2:26-cv-00281-TMC, 2026 WL 472799 (W.D. Wash. Feb. 19, 2026).

On February 19, 2026, the district court granted the petition and found that: petitioner entered the U.S. without inspection, was not apprehended on arrival, resided in the United States for years prior to his detention, was subject to discretionary detention under 8 U.S.C. § 1226(a), and his mandatory detention under § 1225(b) violated the INA. *Id.* The Court ordered that petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.*

On February 25, 2026, petitioner appeared for a bond hearing. *Id.* The IJ found that petitioner was a flight risk and denied bond. *Id.* The same day petitioner also appeared at a master calendar hearing and submitted an application for cancellation of

---

[3] On September 30, 2025, the Court in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025) granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 3

removal for certain nonpermanent residents. *Id.* at 3. Petitioner waived his right to file for asylum and related protections. *Id.* On March 4, 2026, petitioner filed an appeal of the IJ's decision denying bond. *Id.* On or about March 16, 2026, the IJ issued a written decision explaining his reasoning. *Id.*

On March 31, 2026, at an individual calendar hearing, petitioner appeared with counsel. *Id.* The IJ denied petitioner's application for cancellation of removal and ordered him removed to Mexico. *Id.* Petitioner reserved appeal. *Id.* On April 20, 2026, petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). *Id.* The appeal remains pending before the BIA. *Id.*

On April 27, 2026, petitioner filed the instant federal habeas corpus petition. Dkt. 1. Petitioner raises several challenges to his detention including that the IJ abused his discretion in finding petitioner was a flight risk and denying bond at petitioner's bond hearing. *Id.* at 5. As relief, petitioner seeks: immediate release or alternatively another bond hearing or a hearing before this court; a declaration that petitioner's detention violates the Due Process Clause of the Fifth Amendment, the INA and the implementing regulations; a declaration that respondent EOIR violated petitioner's constitutional and statutory rights by failing to record the bond hearing and failing to provide any contemporaneous decision explaining the results; an award of attorney's fees and costs. *Id.* at 27.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 4

aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

But, § 1226(e) does not bar "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court. . ., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). Thus, "a district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

This Court's habeas review of the immigration court's determination as to dangerousness and flight risk is for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 784-85 (9th Cir. 2024). Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)).

Petitioner argues the bond hearing violated his Fifth Amendment right to Due Process in part because the evidence was insufficient as a matter of law to warrant denial of bond. Dkt. 1. Because the petition challenges the constitutionality of the bond hearing, the Court has subject matter jurisdiction over petitioner's claims. *Martinez*, 124 F.4th at 784-85.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 5

**B.      Exhaustion of Administrative Remedies**

The Government argues the Court should deny the petition because petitioner has not exhausted administrative remedies. Dkt. 8.

In the context of habeas review under 28 U.S.C. § 2241, exhaustion of administrative remedies, "is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Nevertheless, even where these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal citation and quotation marks omitted).

Here, with respect to the first factor, "[p]etitioner raises a constitutional challenge to the adequacy of his bond hearing, which is better suited to review by the federal courts." *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304,

at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) (finding that due process and statutory challenge to continued detention is "fundamentally a question of law")). There is also a written decision from the IJ explaining the basis for his decision. The first *Puga* factor weighs against requiring prudential exhaustion.

With respect to the second factor, although relaxation of prudential exhaustion may, to some extent, encourage others to bypass the administrative appellate procedures, the petitioner raises specific constitutional challenges to the IJ's denial of bond and argues "there are no circumstances in which the IJ could have plausibly established that Petitioner posed a flight risk, or that he was such an extreme flight risk that no amount of bond or set of conditions could possibly mitigate." Dkt. 1 at 3. A decision would likely "be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026). Accordingly, this factor weighs neutral. *Id.*

Turning to the third factor, "the defect[s] alleged by Petitioner [are] constitutional in nature, and it is unlikely that appeal to the BIA will permit the agency to correct a factual or evidentiary oversight by the IJ." *W.T.M.*, 2026 WL 262583, at *3. The third *Puga* factor weighs against requiring prudential exhaustion.

And even if the above factors weighed in favor of requiring exhaustion, the Court finds waiver is appropriate under *Laing*. 370 F.3d 994. Here, petitioner has presented individualized evidence, related to concerns about his health, as well as the mental and

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 7

physical health struggles and financial challenges of his wife and children, that supports a finding that his continued detention for a potentially lengthy period of time, pending a BIA appeal of the IJ's bond denial decision, would create a risk of irreparable harm. *See* Dkt. 11-1 at 15 (Petitioner Decl.) (indicating petitioner had been hospitalized for asthma and informed by doctors this may have been caused or exacerbated by stress and his detention in close quarters at NWIPC, that his wife was also taken to the ER recently, his children were experiencing mental health challenges due to his detention, and that he was the sole source of financial support for the family); *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (recognizing irreparable harms imposed on individuals in immigration detention, including "subpar medical and psychiatric care in ICE detention facilities"); *W.T.M.*, 2026 WL 262583, at *3.

Petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer."); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues")).

Petitioner is not required to exhaust his administrative remedies prior to pursuing this action.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 8

**C.    Abuse of the writ doctrine does not apply.**

The Government contends the Court should decline to review Mr. Alcaraz Garcia's petition because this is the second habeas corpus petition he has filed. The Government's position is not well-founded. As the Ninth Circuit held in *Barapind v. Reno*, 225 F.3d 1100, 1111-1112 (9th Cir. 2000), the subsequent petition is not barred by abuse of the writ doctrine when the petitioner has brought a second petition to seek recourse for actions of the agency after remand from the successful first habeas corpus petition. That is the situation presented in the instant case, and therefore the abuse of the writ doctrine does not apply. *See Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151 at *1, n. 4 ( W.D. Wash. April 13, 2026). This Court previously granted habeas corpus relief and ordered that the Government provide petitioner with a bond hearing. *Alcaraz Garcia v. Hermosillo*, 2:26-cv-00281-TMC 2026 WL 472799 (W.D. Wash. Feb. 19, 2026). After the bond hearing was complete, petitioner sought relief in a new habeas corpus petition, based on a new decision of the agency, and on grounds different from those asserted in the first petition. Under *Barapind v. Reno,* abuse of the writ does not apply to petitioner's challenge to the bond hearing. 225 F.3d 1100.

**D.    Challenge to Bond Hearing**

Petitioner argues the IJ abused his discretion and committed legal error in finding petitioner was a flight risk and denying bond. Dkt. 1 at 5, 25 ("There are no circumstances in which the IJ could plausibly establish that the Petitioner posed a flight risk.").

"When determining whether a noncitizen is a danger to the community or risk of

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 9

flight, an IJ weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783). The factors the IJ "may" consider "include any or all of the following"

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

The Court's habeas corpus review of the immigration court's determination as to dangerousness and flight risk is for abuse of discretion. *See Martinez*, 124 F.4th 775, 784-85. Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)).

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Hechavarria*, 358 F. Supp. 3d at 240. "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." *Id.* "Second, it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts." *Id.* The record before the Court shows the IJ failed to "correctly

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 10

appl[y] the statutory standard to a given set of facts" and the evidence could not, as a matter of law, have supported the denial of bond. *See Martinez*, 124 F.4th at 783; *Hechavarria*, 358 F. Supp. 3d at 240.

In denying petitioner's request for bond the IJ found:

> Respondent has equities and ties in the United States. While Respondent is married, his spouse has no lawful immigration status. Respondent has 4 USC children (ages 22, 18, 15, and 12) and they are generally in good health, but they have experienced some emotional issues based on their separation from Respondent since he was detained (adjustment disorder with depressed features). Respondent's parents have no immigration status. Respondent owns his own home and a small business (with $100K in equity). Respondent is not afraid to return to Mexico, and he has waived his right to apply for asylum and related protections. The only application Respondent will proceed on is an EOIR-42B. Respondent has community support and his sponsor is a close family friend.
>
> Respondent was arrested for driving under the influence in 2001 and his case was later dismissed after Respondent completed diversion. Respondent has worked in the United States without authorization and concedes that he used a false Social Security number to work in the United States for a number of years.
>
> Respondent's only avenue of relief, an EOIR-42B application, is quite weak. Respondent has 3 qualifying relative children who have no serious medical issues and are generally in good health. Understandably, they are sad and anxious that their father has been detained. Respondent has used a false identity to work in the United States. Respondent's case is scheduled for a merits hearing on his application on March 18, 2026.
>
> In the court's view, Respondent is a poor bail risk. The court find [sic] that Respondent has failed to establish that he is not a flight risk.

Dkt. 9-5 (March 16, 2026, Order of Immigration Judge).

The IJ notes that petitioner was arrested for a DUI in 2001 and his case was subsequently dismissed when petitioner completed diversion. *Id.* But the IJ does not link this fact to his finding of flight risk in any way. *Id.* The IJ fails to explain why a DUI arrest from 25 years ago that was dismissed after petitioner completed diversion – and for which there is no evidence petitioner ever failed to appear for proceedings related to

that incident – is in any way relevant to whether petitioner would pose a risk of flight and this fact alone does not support that finding.[4] *See, e.g.*, *Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) ("Petitioner's misdemeanor conviction, for which she served no time in custody, is essentially ancient history, and the notion that petitioner could, given her health concerns, or would flee and/or poses some danger to the community is entirely unsupported by the evidence.").

Next, the IJ notes that petitioner "has worked in the United States without authorization and concedes he used a false Social Security number to work in the United States for a number of years." Dkt. 9-5. The Court notes that petitioner disputes that there was any evidence in the record at the time of the bond hearing that petitioner conceded using a false Social Security number. Petitioner states in his declaration that he does not receive W-2s because he owns his own business and files taxes using his "individual Tax ID Number (ITIN). Dkt. 1-2 at 6-7 (Petitioner Decl.). But even if petitioner did concede he used a false Social Security number for employment purposes, "the IJ provided no explanation as to why unlawful employment facilitated by the use of false Social Security numbers automatically weighs in favor of finding flight risk." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026) (finding the IJ's reliance on the use of a false Social Security solely for purposes of employment purposes as automatically establishing a flight risk was "illogical" and granting petitioner habeas relief based on his challenge to the bond hearing).

The IJ also states petitioner's "EOIR-42B application, is quite weak." Dkt. 9-5.

---

[4] To the extent this evidence is cited related to a dangerousness assessment, the IJ made no finding of dangerousness and, in any event, the mere fact of a DUI arrest from 25 years ago, without more, would not support such a finding.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 12

The BIA directs an IJ "may consider the likelihood that relief from removal will be granted in determining whether an alien warrants a bond" based on the rationale that a noncitizen who likely faces inevitable removal may be less likely to appear at future removal hearings. *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020). But "[w]hile it might be rational to draw such conclusion based on the specific facts presented in a particular case, the IJ did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case." *Soriano*, 2026 WL 969764, at *5. The IJ failed to adequately explain why he believed petitioner's EOIR-42B – which the record shows, at the time of the hearing, had not yet been filed -- was "quite weak." Dkt. 1 at 4-5 (noting the petitioner's Cancellation of Removal application was not yet in evidence when the IJ denied bond the morning of February 25, 2026, petitioner submitted the application later that morning and supplemental evidence supporting the application was filed several weeks later); Dkt. 1-2 (Petitioner Decl.).

The IJ noted petitioner's significant family connections and roots in the United States including that he is married, has four U.S. citizen children, owns his own home and small business, has community support and his sponsor is a close family friend, -- all factors which weigh against finding flight risk -- but then "concluded without explanation that Petitioner's challenges in establishing relief automatically supported finding Petitioner a 'poor bail risk.'" *Soriano*, 2026 WL 969764, at *5; Dkt. 9-5. Even accepting the IJ's conclusion that petitioner's claims for relief could be considered "weak" the IJ provided no rationale for the conclusion that, under petitioner's circumstances, he would try to flee rather than appear in immigration court to pursue

claims for relief from removal proceedings. *Id.*

Finally, the immigration judge's decision simply summarizes the above information provided by petitioner and DHS and then states, in conclusory fashion "in the court's view, Respondent is a poor bail risk." Dkt. 9-5. Thus here, "[t]he Court is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors. The Court must conclude that the immigration judge failed to do so, which constitutes an abuse of discretion." *Vasquez Lopez*, 2026 WL 984151, at *3 (granting habeas relief).

The Court finds that the IJ failed to "correctly appl[y] the statutory standard to a given set of facts" and the evidence could not, as a matter of law, have supported his conclusion that petitioner is a flight risk. *See Martinez*, 124 F.4th at 783; *Hechavarria*, 358 F. Supp. 3d at 240; *Loya Medina v. Hernandez*, No. 2:26-cv-00772-GJL, 2026 WL 1260848 at *20 (W.D. Wash. May 7, 2026) ("no reasonable and impartial decision-maker presented with the facts and evidence of Petitioner's case would conclude denial of bond was warranted."); *Soto Gimenez v. Hernandez, No. 2:26-CV-00966-GJL*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

Accordingly, the Court finds the IJ abused his discretion in finding petitioner was a flight risk and denying bond.[5]

---

[5] Because the Court finds petitioner is entitled to habeas relief on this basis, it does not reach petitioner's other claims and arguments.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 14

**E.    Appropriate Remedy**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Under the circumstances, "the Court finds no basis for petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Soriano*, 2026 WL 969764, at *6 (ordering immediate release where the Court determined the IJ abused his discretion in denying petitioner's bond request at bond hearing); *see Vasquez Lopez*, 2026 WL 984151, at *3 (finding the IJ abused his discretion in denying bond at the bond hearing and finding the proper remedy to be that "the Court will exercise its discretion to order petitioner's release"); *W.T.M.*, 2026 WL 262583, at *5; *Garcia v. Hyde*, Case No. 25-CV-585-JJM-PAS, —— F.Supp.3d ——, ——, 2025 WL 3466312, at *11 (D.R.I. Dec. 3, 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, Case No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering immediate release after finding IJ abused discretion in denying petitioner's request for bond at bond hearing).

<b>CONCLUSION</b>

For the reasons discussed above the Court ORDERS:

1.    Petitioner's petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    The Government shall release petitioner within twenty-four (24) hours of the entry of this order on appropriate conditions and shall file a certification that petitioner was released within forty-eight (48) hours of the entry of this order.

3.    The Government is ordered to forthwith return petitioner's personal

property.

4.    Petitioner's counsel may move for post-judgment attorney's fees and costs

consistent with the law and the statute.

5.    The Clerk shall provide a copy of this order to counsel for the parties.


Dated this 15th day of June, 2026.



*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 16